United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Serena Davis, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-21-2912 |
| § | |
| Greater Texas Federal Credit Union, § | |
| § | |
| § | |
| Defendant, § | |

# Opinion on Summary Judgment

A.    *Introduction.*

Serena Davis filed three lawsuits to prevent the sale of her house. On November 3, 2021, Greater Texas Federal Credit Union, the lender, sold the property. She says that the lender wrongfully foreclosed. It did not.

B.    *Facts.*

Serena Davis bought a house in Houston from Greater Texas. It had secured a lien on her house for $112,000. The lien required Davis to pay prescribed installments timely. If she did not, the agreement allowed the lender to accelerate the payments or sell the house.

Davis stopped paying. In 2019 and 2020, she filed loss mitigation applications that were denied. On September 8, 2020, Greater Texas notified Davis that her payments would be accelerated. Ten months later, the lender told Davis that it would foreclose. She sued to block the foreclosure.

Greater Texas agreed to cancel the foreclosure if Davis filed another loss mitigation application by July 15, 2021. She agreed and the case was dismissed with prejudice. On July 16, 2021, she submitted the application. Although it was a day late, Greater Texas reviewed and denied the application. One month later, it notified Davis that it would foreclose.

Again, Davis sued to block the foreclosure. She sued for: (a) declaratory judgment that Greater Texas violated a federal foreclosure moratorium; (b) breach of contract; (c) violations of the Real Estate Settlement and Procedures Act (RESPA); and (d) intentional infliction of emotional distress. She asked that the Court enter a temporary retraining order to stop the sale. On October 26, 2021, this Court denied the request because the issue was precluded by the prior lawsuit.

On November 10, 2021, Greater Texas moved for summary judgment.

C. *Moratorium.*

In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act that prohibited foreclosures for federally-backed loans. The Supreme Court found that the moratorium was unconstitutional.[1]

Davis says that Greater Texas violated the moratorium by foreclosing her house because she has a federally-backed loan through Fannie Mae.

Greater Texas says it is a private lender. It says that the statute expired on July 31, 2021. It says the statute only applied to foreclosure-related evictions for loans issued by the Federal Housing Administration.

Davis does not respond to Greater Texas on this issue. Because Greater Texas is a private lender, the moratorium does not – and never did – apply to it. Her request for a declaratory judgment is denied.

D. *Breach of Contract.*

To prove a breach of contract, Davis must show: (a) the lien was valid; (b) Davis performed under it; (c) Greater Texas violated the lien; and (d) Davis was injured.[2]

Greater Texas says that it was not required to approve the loss mitigation application. It says that it reviewed the application and concluded that Davis is unable to claim a breach of contract because she filed the application a day late. It insists that it owes no duty of good faith aside from the contract.

---

[1] *See Alabama Ass'n of Realtors v. HHS*, 141 S. Ct. 2320 (2021).

[2] *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Case 4:21-cv-02912 Document 34 Filed on 05/27/22 in TXSD Page 3 of 4

Davis says that she can claim that the lender breached the contract even if she defaulted on the loan. She does not address the failure to submit a timely application as required by the July 1, 2021, settlement agreement.

Two contracts existed: (a) the loan; and (b) the July 1, 2021, settlement. It is unclear which contract Davis says was breached.

Under the loan, Davis is correct that her default does not necessarily preclude her breach of contract claim.[3] Still – Davis does not identify the provision of the contract that Greater Texas breached. Davis's response to Greater Texas does not show how it violated the contract. She offers no support for her claim against Greater Texas.

Under the July 1, 2021, settlement, Davis insists that Greater Texas did not review the application in good-faith. She says it did not have a rational basis for denying it. Davis was not entitled to loss mitigation under the original loan. Davis filed three application over three years. Each was reviewed and denied.

Her breach of contract claim fails.

E.  *Real Estate Settlement and Procedures Act.*

To prove a violation of RESPA, Davis must show that a loan servicer pursued foreclosure while considering a loss mitigation application.[4]

Greater Texas says that RESPA only applies to servicers of a mortgage. It says that it is the mortgagee – not the servicer. It also says that this law protects a borrower's first loss mitigation. This was Davis's third application.

Davis admits that it is limited to loan servicers. She says Colonial Bank, F.A., the servicer, is an agent of Greater Texas. She says that Greater Texas is vicariously liable. No supporting authority is cited for this theory.

Greater Texas is not a servicer. Because Davis does not defend her theory of liability nor offer proof to the contrary, this claim is dismissed.

---

[3] *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex.App.-Corpus Christi 2008)

[4] 12 U.S.C. § 1024.41

F.  *Intentional Infliction of Emotional Distress.*

To prevail on an emotional distress claim, Davis must show: (a) Greater Texas was acting intentionally or recklessly; (b) Davis suffered sever emotional distress; (c) Greater Texas's conduct was outrageous; and (d) it caused Davis's emotional distress.[5] "Extreme conduct" is intolerable behavior that would be viewed as heinous in a civilized community.[6]

Greater Texas says that enforcing property rights is neither extreme nor intolerable behavior. The Court agrees.

Davis has not shown evidence of her own distress. She does not respond to Greater Texas's argument in her brief. Her pleading says she suffered sleeping loss, but that does not rise to the level of *severe* emotional distress.

Her intentional infliction of emotional distress claim fails.

G.  *Conclusion.*

Serena Davis takes nothing from Greater Texas Federal Credit Union.

Signed on May 27, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[5] Kroger Tex. L. P. v. Suberu, 216 S.W.3d 788, 796 (Tex. 2006)

[6] GTE Sw., Inc. v. Bruce, 998 S.W.2d 605, 611 (Tex. 1999)